IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


DISCOVER BANK, by its servicing agent,
DISCOVER FINANCIAL SERVICES, INC.,

      Plaintiff,

v.                                         Civ. No. 04-1427 JP/WDS

HOWARD DUNCAN and ANN DUNCAN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Defendants Howard and Ann Duncan, *pro se*, filed a notice of removal on December 27, 2004 (Doc. 1). On the same day, Defendants also filed in this federal court action a motion to vacate the default judgment entered by the state court, New Mexico's Ninth Judicial District Court, County of Curry, on September 2, 2004. On January 14, 2005 Plaintiff filed a Motion to Dismiss Notice of Removal and Defendants' Motion to Vacate (Doc. 3). After a careful review of the law and the briefs, I conclude that the proper resolution is to grant in part Plaintiff's Motion to Dismiss Notice of Removal and Defendants' Motion to Vacate and to remand the case to state court without addressing the merits of Defendants' motion to vacate.

## I.    PROCEDURAL BACKGROUND

Defendants Howard and Ann Duncan of Texico, New Mexico, had a credit card account with Plaintiff Discover Bank. Pl. Ex. A. The account reached a principal balance of $12,059.99. Pl. Ex. A. Plaintiff Discover Bank served a summons and complaint on Howard and Ann Duncan on July 1, 2004. Pl. Ex. B. The process server completed the return of service form. Pl. Ex. B. The summons notified the Defendants of the possibility of a default judgment against Defendants

if they did not respond to the Complaint.  Pl. Ex. B.  Defendants did not file an answer or other

responsive pleadings and did not appear before the state court.  Pl. Ex. C.   On September 2,

2004, the Honorable Joe Parker,[1] New Mexico's Ninth Judicial District, County of Curry, entered

a default judgment in Plaintiff's favor.  Pl. Ex. C.  On December 15, 2004, a process server

delivered to Defendants a notice of their right to claim exemptions from execution.  Pl. Ex. D.

Ten days later, on December 27, 2004, Defendants, *pro se*, filed Defendants' Notice of Removal

(Doc. 1) and Defendants' Federal Rules of Civil Procedure Rule 60(b)(4) Motion to Vacate (Doc.

2).  Plaintiff then filed its Motion to Dismiss Notice of Removal and Defendants' Motion to

Vacate on January 5, 2005 (Doc. 3).

## II.      DISCUSSION

### A.      Plaintiff's Motion to Dismiss Notice of Removal

#### 1. Timeliness of Notice of Removal

Defendants did not timely file the notice of removal to federal court.[2]  Defendants had

thirty days in which to remove under 28 U.S.C. § 1446(b).

> The notice of removal of a civil action or proceeding shall be filed within
> thirty days after the receipt by the defendant, through service or otherwise, of a
> copy of the initial pleading setting forth the claim for relief upon which such action
> or proceeding is based, or within thirty days after the service of summons upon the
> defendant if such initial pleading has then been filed in court and is not required to
> be served on the defendant, whichever period is shorter.

On July 1, 2004 Plaintiff Discover Bank filed a Complaint in the Ninth Judicial District, County of

---

[1]The Honorable Joe Parker of the New Mexico's Ninth Judicial District is not related to the Honorable James A. Parker of United States District Court, District of New Mexico.

[2]The Court also notes that Defendants failed to respond to Plaintiff's motion to dismiss the notice of removal.  Under the Local Rules, Defendants' failure to respond to Plaintiff's motion within the time prescribed constitutes consent to grant the motion.  D.N.M.L.R.-Civ. 7.1(b).  However, since Defendants are *pro se*, the Court will address the merits of the notice of removal and the motion to dismiss it.

Curry and served a summons and complaint on Howard and Ann Duncan.   On December 27,

2004, Defendants filed the notice of removal.  This was long past the thirty day deadline, and

therefore the notice of removal is untimely and the United States District Court does not have

jurisdiction to hear the case.  Even if Defendants did not learn of the lawsuit and the need to act

until the default judgment against Defendants was entered on September 2, 2004 (which

Defendants do not allege), thirty days had passed since that date as well.

It is possible that Defendants, who are acting *pro se* and who are unfamiliar with federal

jurisdictional requirements, are relying upon the second paragraph of § 1446(b).

> If the case stated by the initial pleading is not removable, a notice of removal may
> be filed within thirty days after receipt by the defendant, through service or
> otherwise, of a copy of an amended pleading, motion or other paper from which it
> may first be ascertained that the case is one which is or has become removable...

I infer that Defendants may be relying on this provision because a federal statute and federal

constitutional rights are mentioned in Defendants' Notice of Removal.

> The in rem proceeding filed by DISCOVER BANK by its servicing agent
> DISCOVER FINANCIAL SERVICES, INC. was an affront to substantive due
> process, offends traditional ideals of substantial justice and fair play; and in keeping
> with the procedural requisites of 28 U.S.C. § 1441(b), the proceedings of
> DISCOVER BANK by its servicing agent DISCOVER FINANCIAL SERVICES,
> INC. come into conflict with the Constitutionally Reserved Rights of Howard
> Duncan and Ann Duncan by depriving Howard Duncan and Ann Duncan of
> property and threatening to deprive Howard Duncan and Ann Duncan of liberty
> without due process of law (emphasis omitted).

In giving the *pro se* Defendants every benefit of any doubt, I construe this statement to mean that

when the *in rem* proceeding commenced on December 15, 2004 and allegedly implicated federal

constitutional rights, this was Defendants' first opportunity to learn that the action was removable

to federal court.

### 2. Federal Jurisdiction

Even if the notice of removal were timely filed, Defendants have not shown that federal court could have had original jurisdiction through federal question jurisdiction or diversity jurisdiction, so jurisdiction upon removal cannot exist. 28 U.S.C. § 1441(a). Defendants' argument that federal jurisdiction is based on the alleged violation of federal rights by the December 15, 2004 commencement of the *in rem* action is ultimately unpersuasive because federal jurisdiction arises from a plaintiff's complaint, not from a defendant's defenses or counterclaims.

Generally, federal jurisdiction is determined by a plaintiff's complaint, which must be well-pleaded, so the complaint promptly provides notice to all parties that the federal courts may have jurisdiction. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 3722. In 1918 the United States Supreme Court wrote, "it has been frequently decided by this court that whether a case ... is removable or not ... is to be determined by the allegations of the complaint or petition and that if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant." Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 281 (1918). "The federal claim or right that provides the predicate for removal to federal court must not be asserted as part of an issue that is merely collateral or incidental to a claim that is primarily based in state law, nor can the federal question appear for the first time in the defendant's answer by way of defense, nor is it sufficient for the federal question to enter the case as a counterclaim asserted by the defendant." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 3722. Defendants' allegation that Plaintiff's enforcement of the judgment against Defendants violated federal constitutional rights could fairly

4

be construed as a defense or counterclaim and thus is not sufficient to invoke federal jurisdiction on removal.  However it is construed, Defendants' allegation are not within the well-settled well-pleaded complaint rule for establishing federal jurisdiction.  Thus, even though filing a notice of removal on December 27, 2004 in response to information learned by Defendants on December 15, 2004 is within thirty days, the issues raised by Defendants are insufficient for me to exercise federal court jurisdiction.

Accordingly, Plaintiff's Motion to Dismiss Notice of Removal and Defendants' Motion to Vacate will be granted in that this case will be remanded to state court.[3]  Remand is required by federal statute.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

**B.      Defendants' Fed. R. Civ. P. 60(b)(4) Motion to Vacate and Plaintiff's Motion to Dismiss the Motion to Vacate**

Since this matter will be remanded, this Court need not address the merits of Defendants' Federal Rules of Civil Procedure Rule 60(b)(4) Motion to Vacate nor need it address Plaintiff's request to dismiss Defendants' motion to vacate.  Furthermore, even if I were in a position to consider the merits of the motion to vacate, principles of state-federal comity demand that Defendants raise these concerns with the state court.  Here, Defendants could have done so because the New Mexico Rules of Civil Procedure provide for relief from default judgment under NMRA 1-060(B)(4), which is nearly identical to the Fed. R. Civ. P. 60(b)(4) on which Defendants rely.  Additionally, as a federal judge, I am required to give full faith and credit to the

---

[3]I construe Plaintiff's filing to also be a motion to remand under 28 U.S.C. § 1447(c) since Plaintiff filed its motion regarding defects in the notice of removal within thirty days of the Defendants filing the notice of removal, as required by § 1447(c).

state court judgment.  28 U.S.C. § 1738.  If Defendants' federally protected rights are implicated

by the *in rem* action, the opportunity for a federal forum is not foreclosed because Defendants can

avail themselves to the federal courts in a separate suit.

      IT IS ORDERED THAT Plaintiff's Motion to Dismiss Notice of Removal and

Defendants' Motion to Vacate (Doc. 3) will be granted in that this case will be remanded to the

Ninth Judicial District of New Mexico, County of Curry.

                        _____

                        SENIOR UNITED STATES DISTRICT JUDGE